USDC- BALTIMORE
'23 NOV 6 AM 10:47

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD<br><br>Bank of America Center, Tower II<br>100 South Charles Street, Suite 600<br>Baltimore, Maryland 21201<br><br>    Applicant,<br>v.<br><br>ANDREA BEVERLY<br><br>4502 Eli Drive, Apt I<br>Owings Mills, Maryland 21117<br><br>    Respondent. | Civil Case No. |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NLRB'S APPLICATION FOR ORDER ENFORCING ADMINISTRATIVE SUBPOENA AD TESTIFCANDUM A-1-1JQIP0R

The National Labor Relations Board (Board), an administrative agency of the federal government, having made an Application for Order Requiring Compliance with Administrative Subpoena Ad Testificandum A-1-1JQIP0R (Application), submits this memorandum of points and authorities in support of that Application.

I.   **FACTS**[1]

On August 8, 2022,[2] Kirah Powell (Powell) filed an unfair labor practice charge against Beatrice Loving Heart and Healthcare Agency, Inc. (the Employer), with the Board's Region 5

---

[1] All facts are supported by the Application and its supporting exhibits, as well as any additional exhibits filed concurrently herewith.
[2] All dates listed herein are in 2023, unless otherwise indicated.

(the Region), which maintains a regional office located in Baltimore, Maryland.[3] Subsequent to the filing of the charge, the Board commenced an investigation. During that investigation, the Board discovered that Respondent Andrea Beverly (Respondent Beverly) is a material witness to the events underlying the allegations in the charge. The Board secured Respondent Beverly's voluntary cooperation during the investigation and obtained from her a sworn confidential witness affidavit (the Beverly Affidavit).

Subsequent to the Beverly Affidavit, Region 5 issued complaint in Case 05-CA-301128 (the Complaint) on April 25, alleging, inter alia, that the Employer: 1) threatened employees by telling them that if they don't like their working conditions that they should leave; 2) coerced and interfered with employees by prohibiting them from sharing their employment agreements; 3) discharged an employee in retaliation for engaging in protected-concerted activity as defined under Section 7 of the Act (29 U.S.C. §§ 157); 4) maintained an unlawful work rule regarding confidentiality, and 5) maintained an unlawful prohibition regarding defamation of the Employer. Each allegation constitutes a separate violation of Section 8(a)(1) of the Act, 29 U.S.C. §§ 158(a)(1). The Complaint initially set the hearing in this matter for August 15.

On July 20, the Board served subpoena ad testificandum number A-1-1J9VM3B on Respondent Beverly, directing her to appear on August 15, to testify in the administrative hearing in Case 05-CA-301128 (Subpoena No. 1). Subpoena No. 1 was issued via United Parcel Service (UPS) 2nd Day Air and delivery of the same was confirmed by UPS via e-mail on July

---

[3] Throughout this case, the term "Board" has been used to collectively describe the National Labor Relations Board and the General Counsel of the Board. Briefly, the NLRB is divided between the five-member Board, acting as a quasi-judicial body, and the General Counsel, who is charged with investigating and prosecuting cases before the Board. Regional offices, headed by Regional Directors, are supervised by the General Counsel. Regional Directors have authority to issue subpoenas in the name of the Board. Finally, the General Counsel represents the Board in federal court proceedings.

24. The Board served Subpoena No. 1 at the address Respondent Beverely included in the Beverly Affidavit.

On July 26, the Region rescheduled the hearing in Case 05-CA-301128 from August 15 to October 24, at the same time and at the same address as provided for in Subpoena No. 1.

On September 22, the Region performed a search for Respondent Beverly's address using the CLEAR online investigation software from Thomson Reuters (CLEAR Search). The results of the CLEAR Search provided that an individual named Andrea Beverly lived at the same street address to which Subpoena No. 1 was sent, but along with an apartment listing, "Apt. I." The CLEAR Search also provided a telephone number associated with the same Andrea Beverly that matched the phone number Respondent Beverly provided in the Beverly Affidavit.

Based on the results of the CLEAR Search, the Board served a second subpoena ad testificandum, number A-1-1JQIP0R, on September 22, on Respondent Beverly at the address reflected in the CLEAR Search, directing her to appear on October 24, to testify in Case 05-CA-301128 (Subpoena No. 2). The subpoena was again served by UPS 2nd Day Air, and delivery of the same was confirmed by UPS via e-mail on September 26.

Respondent Beverly failed to appear as instructed in Subpoena No. 2 on October 24, October 25, or October 26, to testify during the hearing. On October 25, while on the record during the administrative hearing, the undersigned Board agent called Respondent Beverly as a witness, noted that she was not present, explained to Administrative Law Judge Arthur J. Amchan (ALJ Amchan) and opposing counsel that no petition to revoke Subpoena No. 2[4] had been received by the Board, and that Respondent Beverly had previously stated to the

---

[4] While the Board agent only referenced Subpoena No. 2 at the administrative hearing, Respondent Beverly likewise failed to file a petition to revoke Subpoena No. 1.

3

undersigned that she would not be cooperating with Subpoena No. 2. The undersigned introduced a copy of Subpoena No. 2 into evidence, including a cover letter and proof of service by UPS, and noted that the Board would seek enforcement of Subpoena No. 2 in federal district court. To date, Respondent Beverly has not contacted the Board to explain her absence. In sum, Respondent Beverly has not complied with Subpoena No. 2 as directed by the Board.

## II. ARGUMENT

### A. *This Court Has Subject Matter Jurisdiction to Grant the Board's Application for Order Enforcing Administrative Subpoena Ad Testificandum.*

Section 11 of the Act, 29 U.S.C. § 161, et seq., grants statutory authority to the Board to exercise subpoena power. Specifically, Section 11(1) of the Act provides, in relevant part (emphasis added):

> The Board, or its duly authorized agents or agencies, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to any matter under investigation or in question. *The Board, or any member thereof, shall upon application of any party to such proceedings, forthwith issue to such party subpoenas requiring the attendance and testimony of witnesses* or the production of any evidence in such proceedings or investigation requested in such application.

*See Perdue Farms, Inc., Cookin' Good Div. v NLRB*, 144 F.3d 830, 834 (D.C. Cir. 1998); *NLRB v. Carolina Food Processors*, 81 F.3d 507, 511 (4th Cir. 1996).

Subpoenas ad testificandum issued by the Board may properly compel oral testimony under oath before a court reporter. *NLRB v. North Bay Plumbing, Inc.*, 102 F.3d 1005, 1008 (9th Cir. 1996); *Link v. NLRB*, 330 F.2d 437, 439 (4th Cir. 1964). The Board's subpoena authority extends to third parties such as Respondent Beverly. *Link v. NLRB, supra*, 330 F.2d at 439 (Board's subpoena power is not limited to persons being investigated or proceeded against); *NLRB v. Lewis*, 310 F.2d 364, 366 (7th Cir. 1962). The district courts receive their power to

order enforcement of subpoenas issued by the Board by virtue of Section 11(2) of the Act (29 U.S.C. § 161(2)). Specifically, Section 11(2) of the Act provides, in relevant part (emphasis added):

> In case of contumacy or refusal to obey a subpoena issued to any person, any district court of the United States or the United States courts of any Territory or possession, within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey *is found or resides* or transacts business, upon application by the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its member, agent, or agency, there to produce evidence if so ordered, or there *to give testimony touching the matter under investigation or in question*; and any failure to obey such order of the court may be punished by said court as a contempt thereof.

See *NLRB v. U.S. Postal Service*, 790 F.Supp. 31, 34 (D.D.C. 1992).

Here, the address provided by Respondent Beverly in the Beverly Affidavit, as well as the address provided by the CLEAR Search, demonstrates that, as of the issuance of Subpoena No. 2, and based on all information currently available to the Board, Respondent Beverly resides within this Court's judicial district. Accordingly, under Section 11(2) of the Act, this Court has jurisdiction to order enforcement of Subpoena No. 2.

### B. The Board's Application Procedure for Subpoena Enforcement is Appropriate.

The Board's subpoena-enforcement proceedings, authorized by Section 11(2) of the Act, are summary in nature. See *NLRB v. Frazier*, 966 F.2d 812, 817-818 (3d Cir. 1992); *NLRB v. North American VanLines, Inc.*, 611 F. Supp. 760, 763 (N.D.Ind.1985) (citing *NLRB v. G.H.R. Energy Corp.*, 707 F.2d 110, 113 (5th Cir. 1982)). Section 11(2) specifically authorizes the Board to make an "application" to the district courts for summary disposition, on the sole issue of whether or not to enforce the Board subpoena.

It is well established that, in a Section 11(2) enforcement case, the district court should treat the Board's application as a dispositive matter, and not as a pre-trial discovery matter. *Frazier*, 966 F.2d at 817-818.  For, as one court recognized, "[o]therwise, the enforcement proceedings may become a means for thwarting the expeditious discharge of the agency's responsibilities." *NLRB v. Interstate Dress Carriers, Inc.*, 610 F.2d 99, 112 (3d Cir. 1979). "[T]he question of whether or not to enforce the subpoena is the only matter before the court. The court's decision seals with finality the district court proceeding and is subject to appellate review." *Frazier*, 966 F.2d at 818.  Indeed, the limited nature of Section 11(2)'s jurisdictional grant to the district court is a consequence of Congress' recognition of the importance of providing the Board with a means of prompt enforcement of its subpoenas so that it can effectively carry out its statutory mission.

Consistent with the authorization contained in Section 11(2) of the Act and the need to avoid unnecessary delay of the Board's processes, the Board's practice has long been to file an application with the district court to enforce the Board's subpoenas.  See *NLRB v. Interbake Foods, LLC*, 637 F.3d 492, 494 (4th Cir. 2011); *NLRB v. Cone Mills Corp.*, 419 F.2d 394, 394 (4th Cir. 1969); *NLRB v. Daniel Const. Co.*, 418 F.2d 790, 790 (4th Cir. 1969).

Moreover, Section 11(2) specifically provides that a subpoena-enforcement proceeding is commenced by an application, not by complaint or motion.  As explained long ago by the Sixth Circuit in *Goodyear Tire & Rubber Co. v. NLRB*, 122 F.2d 450 (6th Cir. 1941), in a case challenging the Board's failure to serve a summons and complaint in a subpoena-enforcement proceeding:

> [T]he proceedings plainly are of a summary nature not requiring the issuance of process, hearing, findings of fact, and the elaborate process of a civil suit.  We think the procedure to be followed in the District Court is controlled by Section 11(2) of the Act…It is significant that the

6

statute calls for an "application" rather than a petition, for an "order" rather than for a judgment, and that it details no other procedural steps. Obviously, if the enforcement of valid subpoenas, the issuance of which is a mere incident in a case, were to require all of the formalities of a civil suit, the administrative work of the Board might often be subject to great delay. We think that such was not the intention of Congress[.]

*Id.* at 451; *see also Interstate Dress Carriers*, 610 F.2d at 112.

In recognition of the special nature of the Board's subpoena-enforcement proceedings, courts have not required that the Board strictly comply with the requirements of all matters of civil procedure. Federal Rule of Civil Procedure 81(a)(5) provides the authority by which the district court judges, in agency subpoena-enforcement proceedings, allow a less formal application of the federal rules of civil procedure.[5]

Since Section 11 of the Act plainly provides that the Board's subpoena cases are to be commenced by application, it follows that this Court should consider the Board's application for an order requiring obedience to its subpoenas and make a prompt disposition so as to permit the resumption of the Board's hearing so that prompt adjudication on allegations in the Complaint can be made.

The Board's application seeks to obtain an order requiring Respondent Beverly's compliance with administrative subpoena ad testificandum A-1-1JQIP0R by appearing and testifying at hearing about her knowledge of the events underlying the unfair labor practice charges and allegations as pled in the Complaint.

### C. *This Court Should Grant the Board's Application for Subpoena Enforcement.*

#### a. *Service of Subpoena A-1-1JQIP0R on Respondent Beverly was valid.*

---

[5] Fed. R. Civ. P. 81(a)(5) provides, in pertinent part, that the federal rules of civil procedure apply to agency subpoena enforcement proceedings, except as otherwise provided by statute, by local rule of the district court, or by order of the court in the proceeding.

The Board's method of service of subpoenas issued pursuant to Section 11 of the Act is authorized under Section 102.4(b) of the Board's Rules and Regulations, 29 C.F.R. 102.4(b), which states that "[s]ubpoenas must be served upon the recipient personally, by registered or certified mail, by leaving a copy at the principal office or place of business of the person required to be served, by private delivery service, or by any other method of service authorized by law." In the instant case, an authorized agent of the Board provided a copy of Subpoena No. 2 to UPS on September 22, which then served the subpoena and provided e-mail notification of that service on September 26. Service of the subpoena on Respondent Beverly was therefore valid. In an effort to ensure Respondent Beverly's receipt of Subpoena No. 2, on October 12, 16, and 23, the undersigned Board agent also sent Respondent Beverly a copy of Subpoena No. 2 by e-mail at the e-mail address she included in the Beverly Affidavit. To date, Beverly has not responded to any of those e-mails and, in particular, has not denied that UPS served her with Subpoena No. 2 in the manner in which it asserts.

### b. *The Subpoena Seeks Relevant Information.*

Subpoenas from the Board are subject to limited judicial review. A district court will enforce a Board subpoena if the investigation is legitimate, the subpoena is not overly broad, and the records or testimony sought are relevant to the inquiry. *North Bay Plumbing*, 102 F.3d 1005; *NLRB v. International Medication Systems, Ltd.*, 640 F.2d 1110 (9th Cir. 1981); *Carolina Food Processors*, 81 F.3d at 510.

The burden on a party seeking to evade compliance with a subpoena is not a meager one. The party must show that the subpoena serves purposes outside the realm of authority of the issuing agency. If this threshold is not reached, the court should enforce the subpoena. *Frazier*, 966 F.2d at 819. Section 11 of the Act provides the Board and its agents broad authority,

including the power to subpoena any evidence or testimony "that relates to *any matter* under investigation or in question" and that such subpoenas may properly "requir[e] the attendance and testimony of witnesses . . . ." 29 U.S.C. § 161(1) (emphasis added); *see also North Bay Plumbing, supra*; *NLRB v. Interstate Materials Corp.*, 930 F.2d 4, 6 (7th Cir. 1991) (describing the Board's broad Section 11 powers).

Regarding an administrative subpoena, "the notion of relevancy is a broad one…[s]o long as the material requested 'touches a matter under investigation,' an administrative subpoena will survive a challenge that the material is not relevant." *Sandsend Financial Consultants, Ltd. v. Federal Home Loan Board*, 878 F.2d 875, 882 (5th Cir. 1989), and cases cited therein; *Carolina Food Processors, Inc.*, 81 F.3d at 511. A party seeking to have a subpoena quashed must establish that the "the subpoena is intended solely to serve purposes outside the purview of the jurisdiction of the agency." *Interstate Dress Carriers*, 610 F.2d at 112.

Here, the Board's Subpoena No. 2 seeks testimony from Respondent Beverly that is relevant and necessary to the Board's statutory obligation to prosecute the Complaint. Aside from being a relevant witness by virtue of her prior role as Powell's direct supervisor at all times relevant to the dispute in question, the Beverly Affidavit makes plain that Respondent Beverly has relevant testimony relating to the prosecution of the Complaint. Despite this, and despite having been advised of the potential adverse consequences for failing to comply with the subpoena, Respondent Beverly has both refused and failed to provide testimony to the Board during the hearing consistent with the directives of Subpoena No. 2. Moreover, where Respondent Beverly has failed to avail herself of the Board's subpoena-revocation procedures, she is estopped from questioning the validity of the subpoenas or the relevancy of the evidence

requested. *Maurice v. NLRB*, 691 F.2d 182, 183 (4th Cir. 1982); *NLRB v. Frederick Cowan*, 522 F.2d 26, 28 (2d Cir. 1975).

Respondent Beverly's contumacious conduct has impeded and continues to impede the Board in the exercise of its statutory mandate to prosecute the Complaint, as well as adjudicate the allegations contained therein. Accordingly, the Board seeks an order from this Court requiring Respondent Beverly's compliance with subpoena ad testificandum A-1-1JQIP0R.

### D. A Full Evidentiary Hearing in This Matter Is Not Necessary.

As outlined more fully above, Section 11 enforcement proceedings are summary in nature; if subpoena enforcement proceedings required all the formalities of a civil suit, the Board's statutory obligation to efficiently adjudicate unfair labor practice charges would become mired in collateral proceedings. In this case, the underlying adjudication of this case by ALJ Amchan, as well as an ultimate decision on the allegations as pled in the Complaint by the Board, are stalled by Respondent Beverly's refusal to comply with Subpoena No. 2. Accordingly, the Board respectfully requests that this Court promptly decide the Board's Application for Order Enforcing Administrative Subpoena Ad Testificandum A-1-1JQIP0R based on the written pleadings and without the necessity of a hearing.

### III. CONCLUSION

For the reasons set forth above and in its application, the Board respectfully submits that administrative subpoena A-1-1JQIP0R should be enforced and the relief sought in the Application should be granted.

Dated at Baltimore, Maryland, this 6th day of November, 2023.

                                                                       Respectfully submitted,

_____
Matthew S. Nagy (IL State Bar # 6317762)
Counsel for Applicant
National Labor Relations Board, Region 5
Washington Resident Office
1015 Half Street SE
Washington, D.C. 20570
(202) 780-3603 (phone)
(202) 208-3013 (fax)
Matthew.Nagy@nlrb.gov

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

NATIONAL LABOR RELATIONS BOARD )
)
)
)
Applicant, )
v. ) Civil Case No.
)
ANDREA BEVERLY )
)
)
)
Respondent. )
)

## CERTIFICATE OF SERVICE

This is to certify that on November 6, 2023, I served copies of the Memorandum Of Points And Authorities In Support Of NLRB's Application For Order Enforcing Administrative Subpoena Ad Testificandum A-1-1JQIP0R on the interested party in this action by placing true copies thereof in sealed envelopes for delivery by United Parcel Service (UPS) Next Day Air to the party listed below:

Andrea Beverly
4502 Eli Drive, Apt I
Owings Mills, MD 21117

Executed on November 6, 2023, at Baltimore, Maryland.

_____
Matthew S. Nagy (IL State Bar # 6317762)
Counsel for Applicant
National Labor Relations Board, Region 5
1015 Half Street SE
Washington, D.C. 20570
(202) 780-3603 (phone)
(202) 208-3013 (fax)
Matthew.Nagy@nlrb.gov